CA05-425L

AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District: DISTRICT OF RHODE ISLAND | |
|---|---|---|
| Name of Movant: ANTHONY SABETTA | Prisoner No.: 04954-070 | Case No.: CR00-135-01L |
| Place of Confinement: FEDERAL CORRECTIONAL INSTITUTION EL RENO, OKLA 73036 | | |

UNITED STATES OF AMERICA V. ANTHONY SABETTA
(name under which convicted)

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack
DISTRICT OF RHODE ISLAND

2. Date of judgment of conviction APRIL 9, 2003

3. Length of sentence 262 MONTHS

4. Nature of offense involved (all counts) FELON IN POSSESSION OF FIREARM

5. What was your plea? (Check one)
(a) Not guilty ☒
(b) Guilty ☐
(c) Nolo contendere ☐
If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury ☒
(b) Judge only ☐

7. Did you testify at the trial?
Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
Yes ☒ No ☐

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court UNITED STATES COURT OF APPEALS FOR THE FIRST DISTRICT

(b) Result AFFIRMED

(c) Date of result JUNE 24, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

N/A

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ☒

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

N/A

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N/A

(6) Date of result N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☒
(2) Second petition, etc. Yes ☐ No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: DID THE GOVERNMENT CHARGE PETITIONER WITH A SECOND OFFENSE WHICH PREJUDICED THE PETITIONER

Supporting FACTS (state *briefly* without citing cases or law)

SEE SHORT SUPPORTING BRIEFS

B. Ground two: DID THE DISTRICT COURT ERROR WHERE A DISTRICT JUDGE ANSWER TO A JURY FACTUAL QUESTION HAD THE EFFECT OF MANDATING THAT THE JURY REACH A CONCLUSION ON PARTICULAR ISSUES WHICH PREJUDICED THE PETITIONER

Supporting FACTS (state *briefly* without citing cases or law)

SEE SHORT SUPPORTING BRIEFS

C. Ground three: DID THE GOVERNMENT OR COURT AMEND PETITIONER'S INDICTMENT WHICH PREJUDICED THE PETITIONER

Supporting FACTS (state *briefly* without citing cases or law)

SEE SHORT SUPPORTING BRIEFS

AO 243 (Rev. 2/95)

D. Ground four: COUNSEL WAS INEFFECTIVE WHICH ALSO PREJUDICED PETITIONER

Supporting FACTS (state *briefly* without citing cases or law)

SEE SHORT SUPPORTING BRIEF

GROUND FIVE: TRIAL COUNSEL WAS INEFFECTIVE IN HIS FAILURE TO INVESTIGATE, INTERVIEW, AND CALL TO TRIAL WITNESSES WITH EVIDENCE IN SUPPORT OF PETITIONER'S DEFENSE AS REQUESTED BY DEFENDANT WHICH PREJUDICE PETITIONER

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

DUE TO THE COMPLEX ISSUES INVOLVED PETITIONER SEEKS EVIDENTIARY HEARING ON ISSUE ABOVE

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea JAMES MCCORMICK OF RHODE ISLAND

N/A

(c) At trial SAME

(d) At sentencing SAME

## ISSUE 1

**PETITIONER INDICTMENT WAS LEGALLY INSUFFICIENT** to **COMPLY WITH** the **GRAND** Jury **INDICTMENT CLAUSE** of the **FIFTH AMENDMENT.**

## "QUESTION PRESENTED"

**(1) DID THE GOVERNMENT CHARGE PETITIONER** with a **SECOND OFFENSE?**

Petitioner's due process rights were violated and he was prejudiced as to the indictment being Legally insufficient to comply with the Grand Jury indictment clause of the Fifth Amendment as to the Counts in this indictment. The words **AIDS, ABETS, COUNSELS, COMMANDS, INDUCES AND PROCURES** were Omitted from Petitioner's indictment as to the Separate statute Title 18 U.S.C. Section2, thus making the indictment fatally defective. Failure by the Government to charge an Offense in the indictment is a Jurisdictional error, See **RICHARDS VS. UNITED STATES 204 F.3D, 177, 5TH CIR. 2000, UNITED STATES VS. CABRERA-TERRAN 168 F.3D 141 5TH CIR. 1999.**

**FAILING TO ENFORCE THIS REQUIREMENT WOULD ALLOW A COURT TO GUESS AS TO WHAT WAS IN THE MINDS OF THE GRAND JURY AT THE TIME THEY RETURNED THIS INDICTMENT,** See **UNITED STATES VS. KEITH 605 F.2D 462, 464 9TH CIR. (1979) CITING RUSSELL VS.UNITED STATES 369, U.S. 749, 770, 82 S.CT 1038, 8 L.ED .2D 240 (1962)**

The Fifth Amendment thus requires that a defendant be convicted only on charges considered and found by a Grand Jury. See **UNITED STATES VS. HOOKER 841 F.2D 1225, 1230, 4TH CIR. 1988.**

In the insufficient **INDICTMENT CONTEXT** the fact that a defendant received a fair

ISSUE 1

Trial and suffered no Prejudice is irrelevant. As stated in DuBo this indictment is terminally defective. Sentence must be vacated and indictment dismissed, Failure of indictment to charge one essential element of a crime cannot be cured by Trial court, by amendment or Jury instruction, to allow prosecutor or court make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of basic protection that the Grand Jury was designed to secure, because defendant could then be convicted on basis of facts not found by, and perhaps not even presented to, Grand Jury, that indicted him Petitioner was Prejudiced, by this indictment.

ISSUE 2

QUESTION PRESENTED

(1) DID THE DISTRICT COURT ERROR WHERE A DISTRICT COURT JUDGE ANSWER TO A JURY FACTUAL QUESTION HAD THE EFFECT OF MANDATING THAT THE JURY REACH A CONCLUSION ON PARTICULAR ISSUES

THE UNITED STATES CONSTITUTION CASTS JUDGES AND JURY IN MUTUALLY SUPPORTING YET NEVERTHELESS DISTINCT ROLES. UNDENIABLY INHERRENT IN THE CONSTITUTIONAL GUARANTEE OF TRIAL BY JURY IS THE PRINCIPLE THAT A COURT MAY NOT STEP IN AND DIRECT A FINDING OF CONTESTED FACTS IN FAVOR OF THE PROSECUTION, REGARDLESS OF HOW OVERWHELMINGLY THE EVIDENCE MIGHT POINT IN THAT DIRECTION. TRIAL JUDGE IS BARRED FROM GIVING ANY INSTRUCTION THAT THE CHARGE OF INDICTMENT DID NOT PLEA, NO MATTER WHAT OTHER ELEMENT MAY UNFOLD DURING TRIAL OTHERWISE YOU THEN HAVE AN AMENDMENTED INDICTMENT OF A CHARGE THAT WAS NOT CHARGED BY THE GRAND JURY SEE U.S. VS. ARGENTINE 814 F.2D 738, 788 1.ST CIR. 1987, U.S. VS. TRENKLER 61 F.3D 45, 60, N.22 1ST CIR. 1995

ISSUE 2

THE SIXTH AMENDMENT GUARRANTEES A COURT MAY NOT STEP IN AND DIRECT A FINDING OF CONTESTED FACT IN FAVOR OF THE PROSECUTION. IN THE INSTANT CASE A TRIAL JUDGE GAVE JURY INSTRUCTION AFTER THE JURY HAD SENT A NOTE TO THE TRIAL JUDGE, ON POSSESSION, OF A FIREARM, WHICH WAS CHARGED IN THE INDICTMENT. TRIAL JUDGE GAVE INSTRUCTION ON CONSTRUCTIVE POSSESSION WHICH WAS NOT CHARGED IN THE INDICTMENT WHICH CAUSED PETITIONER UNDUE PREJUDICE AND VIOLATED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL.

**ISSUE 3**

Did the **GOVERNMENT** or **COURT AMEND PETITIONER'S INDICTMENT.**

Federal Courts have recognized two kinds of erroneous departures from the original indictment from the Grand Jury, each with its own standards governing prejudice. An amendment of the indictment which occurs when the charging Terms of the indictment are altered, either Literally See **EXPARTE BAIN 121 U.S. 1, 7, S.CT 781, 30 L.ED 849 (1887)** or in effect See **STIRONE VS. UNITED STATES 361 U.S. 212 4, L.ED .2D 252 80 S.CT 270 (1960)** by the prosecutor or Court after the Grand Jury has passed upon them.

Petitioner avers hereafter that every conceivable violation occured at the hands of the Prosecutor and District Court in this Petitioner's case as it applies to his indictment and Sentencing and caused Prejudice to Petitioner. In this Case Petitioner co-defendant stated upon arrest that gun was his in Question, but go before the Grand Jury, and changes his story after he finds out he is facing a Long Jail Term, but at both Trials, he gives yet a different statement on the stand from the Grand Jury statement he gave. Trial Court lets this Perjury stand, The Governments Case was very weak, using, Government witnesses that were committing perjury during the Trial, the jury could not reach a verdict on factual possession since there was no evidence offered at Trial that proved that Petitioner had Possession of the firearm, But Trial Court,and Government let the jury bring in a charge that was not charged in the indictment of constructive Possession and convict Petitioner of a charge he was not charged with, and caused great prejudice towards him. The Sixth Amendment guarantees a court may not step in and direct a finding of Contested facts in favor of the Prosecution regardless of how the evidence may point. **UNITED STATES VS. ARGENTINE 814 F.3D 738, 788 1ST CIR. 1987**

## ISSUE 4

## INEFFECTIVE ASSISTANCE of COUNSEL

In the case before us there has been a serious **MISCARRIAGE** of **JUSTICE.** The Petitioner's **SIXTH AMENDMENT RIGHTS** have been violated. Counsel did deprive Petitioner of the right to effective assistance of counsel. The benchmark for judging any claim of the effectiveness of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Petitioner's counsel never objected to note Jury handed Trial Judge, or objected to Trial Judge giving a different charge to the Jury when the Jury could not find the Petitioner guilty of Possession, Petitioner's counsel never objected to Government witnesses that were committing perjury on the stand during Trial, or contest the fact that they were committing perjury, counsel never during Second Trial filed any pretrial motion against government witness that he knew were committing perjury. Petitioner's attorney failed to make pretrial objections to the sufficiency of the indictment, all of this alone must be prejudicial to the Petitioner, whiched caused him great prejudice of being convicted of a crime he never committed, or was charged for, after the Government altered his indictment in order to find him guilty.

ISSUE 5

## "QUESTION PRESENTED"

Trial counsel was objectively ineffective in his failure to investigate,interview, and call to trial witnesses with evidence in support of Petitioner's defense as **REQUESTED** by defendant;

Petitioner states that his trial counsel was ineffective because he inexplicably failed to interview, and call to trial a number of **FACT** witnesses defendant **TOLD** him would provide testimony beneficial, helpful, and supportive to corroborate the defense. Before the trial Petitioner provided counsel with names, phone numbers, and addresses. Counsel told Petitioner he would contact the witnesses Petitioner identified, but however **NONE** of the witnesses were present at trial, and such failure of counsel to investigate, interview, and call into trial, witnesses with evidence in support of Petitioner's defense constitutes a violation of Petitioner's Sixth, Amendment right to effective assistance of counsel, and his right to a fair and reliable trial in violation of Petitioner's Eighth and Fourteenth Amendment right.

## ARGUMENT

Petitioner asserts, after providing counsel with a number of **FACT** witnesses, and explaining to counsel how the testimony would be helpful to his defense, the Supreme Court wrote in **STRICKLAND VS. WASHINGTON** **466 U.S. 668, 104 S.CT 2052, 80 LED .2D 674 (1984)** that his counsel had a duty to make reasonable investigations **OR** to make a reasonable

decision that makes particular investigations unnecessary. Counsel did not investigate, interview, nor call at trial the witnesses Petitioner identified.

**EDDIE BABBOTT,** a witness who lived **IN RHODE ISLAND CRANSTON, ACROSS THE STREET,** and would have been helpful to the defense in buttressing the defense's theory of the case because the fact witness came out of the house and witnessed everything that happened, even talked to the police that night. Such citizen was a less interested witness who's testimony would have directly contradicted the prosecution's witnesses and corroborated the defense's version that Petitioner did not possess no gun.

The record at the trial reflects that the prosecution's witnesses were family members who had witnessed **ONE** or **BOTH** incidents of the fight. There were inconsistencies in their testimony under two different oaths, there testimony was different in their police reports and their account of events appeared to be inconsistent. Descriptions of the allege object varied. When first interviewed by police men at the scene there was no testimony that any of the family observed the Petitioner with a gun. On cross-examination it was testimony that there were no signs of someone being hit with a gun when officers arrived; nor was the gun that was found in someones car revealing Petitioner's fingerprints. Record reflect statements made in state court, on the state charges in a preliminary hearing show that the family members presented a version of the incident differing **SUBSTANTIALLY** from the version to which they had testified to at the trial in federal court. The witnesses named along with the other names provided to counsel would have been helpful to the defense it would have provided a disinterested, objective view to corroborate the Petitioner's defense and the witnesses testimony would have called into doubt Petitioner' involvement in possess a gun alleged by the family. The witnesses were impartial, and to exclude conclusory and support Petitioner's assertion counsel prior to trial but when picking the Juror asked the jury if they recognized any of the names that was provided to him by the Petitioner, but yet counsel neglected his duty causing his representation to fall below an objective standard of reasonableness by not interviewing potential witnesses and putting forth effort to make an independent investigation of the facts

circumstances of the case. As a general rule the attorney needed to investigate the case in order to provide minimally competent professional representation, and typically its a question of trial strategy, but a complete failure to investigate can hardly be said to have made a strategic choice against pursuing a certain line of investigation when he has not yet obtained the facts on which such a decision is made.

See **STRICKLAND, 466 U.S. AT 690-01, 104 S.CT AT 2065-67;** Counsel Petitioner states had an independent professional responsibility to investigate what information the potential witnesses possessed, counsel conducted no pretrial investigation, and interviewed neither the witnesses defendant asked him to interview, such decision was an extraordinarlly substand one, the witnesses were easily to be contacted and located. The witnesses were eye witnesses making it reasonable to assume had he pursued his duty to investigate some information would have been discoverable. The witnesses witnessed the fight and every action, but yet he made no effort to contact any of the known witnesses. An investigater allegedly was hired but nothing was ever mentioned to Petitioner, such behavior was not colorably based on tactical consideration, but on preformance that fell below the minimum standard of reasonable professional representation.

Counsel's utter failure to present at trial **FACT** witnesses, and testimony that would have supported Petitioner's defense, and impartial disinterested citizens who worked, and lived across the street, or on the same street undermines confidence in the outcome of the trial. In this case there is a **REASONABLE PROBIBILITY** that at least one juror would have struck a different balance had the available evidence been presented.

Testimony from the witnesses would have clarified many of the inconsistencies in the prosecution's witnesses testimony even that of the co-defendant who admitted it was his gun **SEE TRANS 1-10-2002 CLOSING ARGUMENTS.** The jury could have had oppoitunity to assess the demeanor and credibility for themselves of the neutral undetached citizens. Counsel could have ascertained or produced any testimony that would adhere to corroborate his defense, counsel could have discovered additional evidence favorable to Petitioner, enabling counsel to be more effective in cross examination.

There testimony could have explained what happened, and would have directly rebutted several of the government's key arguments to the jury, the testimony would have altered the case. Had the witnesses been contacted or appeared the jury would have had to balance more evenly divided evidence to reach its verdict. The testimony of the witnesses would have appeared more credible due to its coinciding with the defense.

It is not certain the jury would have chose to believe Petitioner's witnesses, but there were inconsistencies in the prosecution evidence to make that result sufficiently probable to undermine confidence in the outcome of the trial. The above, shows, reasonable probability that such evidence if presented to a jury acting conscientiously and impartially would have led the jury to have had a reasonable doubt respecting Petitioner's guilt. **STRICKLAND 466 AT 695, 104 S.CT AT 2068.** It's undisputed that had counsel investigated what information the eye witnesses possessed that there testimony would have explained what happened and would have made Petitioner's witnesses testimony more credible. Petitioner declares that its not to hard to conclude that the witnesses would not have been of some help. If the testimony of the witnesses buttressed Petitioner's defense it within itself creates a reasonable possibility that the fact-finder would have entertained a reasonable doubt concerning guilt.

Counsel knew what kind of witnesses was needed see Trans **1-10-2003** Line 1,2. Many details of **WHY** counsel failed to interview, investigate, or call into trial the witnesses are not known, but the ineffectiveness of counsel prejudiced Petitioner to the extent that it undermines confidence in the outcome of the trial.The names of the witnesses had been named but no diligence was shown. The witnesses had no reason to help Petitioner, and one of the witnesses talked to the police. Names and addresses were available yet his attempts to locate and interview were perfunctory. The witnesses counsel **DID** present to the jury were close and related to Petitioner, not completely precluding the possibility Petitioner had the gun. Having carefully evaluated the testimony of the requested witnesses by Petitioner no reasons conclude that there testimony would **NOT** have been believed. They were eye witnesses and disinterested,

AO 243 (Rev. 2/95)

(e) On appeal JANE ELIZABETH LEE

(f) In any post–conviction proceeding N/A

(g) On appeal from any adverse ruling in a post–conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

9-29-05
(Date)

Signature of Movant