IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY SABETTA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-425L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

"PETITIONER RESPONSE TO GOVERNMENT"

BRIEF IN MOTION TO VACATE, SET

ASIDE OR CORRECT SENTENCE

PURSUANT TO 28 U.S.C. 2255

**FACTS OF THE CASE**

**OF ISSUES BEFORE THIS COURT**

On September 1, 2000, two men, James Corio and Christopher,Colorado told police that they had gotten into a fight with Petitioner, Anthony Sebetta, outside their home around midnight. When police got on the scene, both men never told police that Petitioner had a gun. Their statement to police was they didn't even know if Petitioner had anything at all. Other eyewitnesses, Daniel Andino and Jennifer Colardo also told police about the fight, but never said a gun was used. In all about 12 to 15 people were at the scene. Other people from across the street (neighbors) were also questioned by police but no one said anything about a gun until the next day. Of all those eyewitnesses that were there that night in question, no one saw or told police that a gun was used. Police even stated during the time they were there, no one person stated anything about a gun. Daniel Andino only testified about the gun because he didn't want to go to prison, and lied to police when the gun was found in his car. He told police on the day in question that it was his gun, but changed his story after he learned that he would be facing a long time in prison.

**FACTS OF THE CASE**

**OF ISSUES BEFORE THIS COURT**

Jennifer Colardo and Mary Ann Colardo both committed perjury

on the stand by corroborating, by changing their story. They gave one statement to police, then changed the facts after police told them that Petitioner had been in a car with a gun and was in jail. James Corio claims that Sebetta hit him several times with the gun, but when police talked to him that night he didn't even state that, nor were there any marks of a fight on his head, body, or anywhere. When Cranston police stopped the car Sebetta and Andino were in on the day in question and found a gun in the car, Andino stated the gun belonged to him. Only later did he change his statement, and says the gun was the petitioner's, Mr. Sebetta. The government witnesses all lied about different events leading up to this trial. Mr. Sebetta had witnesses that would have corroborated the true facts of this case but his attorney failed to call them at trial or even investigate the facts that Petitioner had told counsel about the case. One witness who lived across the street would have been very helpful in that he witnessed all the events of that night which directly contradicted the prosecution witnesses

## STATEMENT OF ISSUES IN DISPUTE

(1) Failure of Government to charge an essential element of the statute under Title 18, Section 2: Aiding and Abetting.

(2) Trial judge giving instruction on a charge to jury that was not charged in the indictment.

(3) Trial counsel's failure to object to jury note sent to trial judge.

(4) Trial counsel's failure to call witnesses that would have cast a different light on the government's facts of the charged crime.

**ISSUE ONE**

(1) Failure of Government to charge an essential element of the statute under Title 18, Section 2: Aiding and Abetting.

Government argues that Section 2 does not have to be pled in the indictment. We differ on this issue. The words, **"Aids, Abets, Counsel, Commands, Induces,** and **Procures"** were omitted from Petitioner's indictment. Failure of the government to charge all offenses and elements of a charge in the indictment is a jurisdictional error. See, Russell v. United States, 369 U.S. 749-770. 82 S.Ct. 1038, 8 L.Ed.2d. 240 (1962). The Fifth Amendment requires that a defendant can only be convicted on charges considered and found by a grand jury. See, United States v. Hooker, 841 F.2d 1225-1223 (4th Cir. 1988). Even if Defendant received a fair trial and suffered no prejudice is irrelevant; in case at hand, Petitioner did suffer prejudice: 262 months in prison.

**ISSUE TWO**

(2) Trial judge giving instruction on a charge to the jury that

was not charged in the indictment.

The United States Constitution casts judges and jury in mutually supporting yet nevertheless distinct roles. Trial judge is barred from giving any instruction that the charge of the indictment did not plea; otherwise you have an amendment of indictment. Government claims this is a procedurally barred Issue for Petitioner to raise on a 2255 since it was not raised on appeal. Trial Attorney was ineffective for not raising it on appeal or objecting to the note jury gave the trial judge. Otherwise you do have an amendment of indictment. See, United States v. Argentine, 814 F.2d, 738-788 (1st Cir. 1987). United States v. Trenteler, 61 F.3d 45, 60, N. 22 (1st Cir. 1995). Petitioner stands on this issue as being law and government is in violation of his right to a fair trial as stated in the Sixth Amendment.

## ISSUE THREE

(3) Trial counsel's failure to object to jury note sent to the trial judge.

In the case at hand, the jury sent the trial judge a note which Petitioner's counsel never objected to, then let the trial judge step in directing a finding of contested fact in favor of the prosecution. This alone violated Petitioner's Sixth Amendment rights to a fair trial and gave the prosecution the upper hand, since the jury could not reach a verdict on the possession

charge. The trial judge gave them instructions on an element of a charge that was not in the indictment and which caused Petitioner undue prejudice of 262 months in prison and violated his right to a fair trial. Counsel was ineffective for not raising this on appeal since it is a violation of Petitioner's constitutional rights to be tried on charges found only by the grand jury.

## ISSUE FOUR

(4) Trial counsel's failure to protect Petitioner's Sixth Amendment right to a fair trial.

The government's response under this issue is missing the mark or is attempting to spread a blanket over the significance of the Petitioner's claim in order not to have it exposed.

The government states Petitioner is not entitled to relief because he has not shown that any failure to call the purported witnesses at trial constituted unreasonable "ineffective" representation or that he was prejudiced by any such failure. Such presumption by the government is unreasonable, cause citing Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993) and considering the factors and the record before the Court, counsel had a duty to investigate whether the witnesses would testify, whether the witnesses would make a favorable impression on the jury or whether adverse inferences from their testimoney would have brought reasonable doubt into the jury. Such presents a

show of prejudice to the Petitioner if counsel fails to do the above. An evidentiary hearing would overcome all presumption and answer the question whether his decision to not call into trial, interview or subpoena the witnesses Petitioner requested was sound trial strategy.

The government admits so little of information is presented to actually show what these witnesses would have presented to the jury, although Petitioner knows and believes without doubt their testimony would have been helpful to the defense in buttressing the defense's theory of the case, if not better.

The government asserts Petitioner does not identify the other witnesses. Petitioner stated in his brief that counsel before the jury stated their names to the jury--asking the jury whether they knew any of the witnesses. Counsel possessed the full names, numbers, and addresses of Eddie Babbet, John Chu, Lewis, and two others. Petitioner states he has made many attempts even through friends to obtain from counsel the full names, number, and addresses of the witnesses but has been unsuccessful, which is one of many reasons affidavits have not been obtained--obtaining numbers and addresses to contact other people in prison is difficult--to show the Court that had counsel investigated, interviewed, or subpoenaed these witness their willingness would have been determined and satisfactory. Their knowledge of the events is not indirect but of knowledge that is direct.

All the witnesses would have been able to testify that Petitioner had no gun at the fight and had no knowledge or involvement with the gun found in the glove compartment of someone

else's car. Fingerprints of Petitioner were not found on said gun, and the gun found in the glove compartment was never within the reach of Petitioner for he had no knowledge of its existence.

Testimony of these witnesses undisputedly would have been available had counsel made an independent effort to locate, interview, or subpoena said witnesses.

The witnesses who were undetached could have testified that Petitioner never handed Daniel Andino no black revolver, and John Chu could have testified that Petitioner did not constructively possess the alleged black revolver in the car. Established case law specifies that knowledge of (something) must exist before someone can be in constructive possession of said item or items. Eddie Babbet, John Chu, and Lewis witnessed the first and second incidents along with others across the street.

The issue is, under the Constitution Petitioner had a right to a fair trial and a counsel who would exercise reasonable diligence in interviewing, calling to trial, or having subpoenaed undetached, neutral witnesses.

The thrust of the issue is counsel had a duty and the government knows counsel's duty is to utilize every voluntary effort to persuade a witness who possesses material facts and knowledge of an event to testify and then, if unsuccessful, to subpoena them in order to allow the judge to use his power to persuade the witnesses to present material evidence; also, in addition, counsel has a duty to use witnesses named by a defendant who may assist in the defense and to fulfill that duty counself must make a reasonable attempt to investigate a material witness'

knowledge. The record shows counsel named these witnesses, but in contrast it shows no witnesses were called into trial or whether he made a reasonable attempt to do so. See, Eldridge v. Atkins, 665 F.2d 228 (1981). See also, Washington v. Texas, 388 U.S. 14, 19; 87 S.Ct. 1920; 18 L.Ed.2d 1019 (1967).

**CONCLUSION**

Petitioner Anthony Sebetta now asks this Honorable Court to grant an evidentiary hearing on these matters. Petitioner can and will show that government witnesses did dommitt perjury and can prove this with his day in court. Trial counsel even admitted his performance fell way below the standard set forth in the Sixth Amendment. Petitioner only asks for this evidentiary hearing to prove the facts he has set out in his 2255 motion before this Court.

Respectfully submitted,

#04954070

Anthony Sabetta #04954-070
Federal Correctional Institution
F.C.I. El Reno
P.O.Box 1500
El Reno, Oklahoma 73036

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19TH day of December 2005 a copy of Petitioner's Response to Government Brief was mailed by first class mail to Peter F. Neronha, Assistant United States Attorney for the District of Rhode Island.