**H**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
First Circuit.
Orlando ESPINOSA-SANCHEZ, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
No. 95-1671.

March 18, 1996.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge]

D.Puerto Rico

AFFIRMED.

Orlando Espinosa-Sanchez on brief pro se.

Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez and Nelson Perez-Sosa, Assistant United States Attorneys, on brief for appellee.

Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

****1** After carefully reviewing the record and the parties' briefs, we affirm the judgment of the district court for essentially the reasons stated in its Opinion and Order. We add the following comments.

1. The district court was not required to hold a hearing on appellant's claim that his attorney provided ineffective assistance by failing to call as witnesses two of appellant's codefendants. Conspicuously absent from both of the affidavits of these codefendants is any statement that either codefendant would have testified on behalf of appellant. Also missing are averments that appellant never knew about the cocaine on board the SHEME and that appellant never had been told about the drugs. Indeed, neither affidavit is inconsistent with the government's position at trial that appellant was part of the conspiracy to possess with the intent to distribute the cocaine. Thus, even taking the rest of the allegations in the affidavits as true, the conclusions appellant draws from these facts are basically "self-interested characterizations." *See United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993) (in deciding whether to hold a hearing, the district court must take a petitioner's factual averments as true but need not credit "conclusory allegations, self-interested characterizations [or] discredited inventions").

Finally, the case upon which appellant primarily relies, *United States v. Yizar,* 956 F.2d 230 (11th Cir.1992), is not to the contrary. In *Yizar,* there was no doubt, unlike here, that the codefendant actually had said that defendant was innocent. Here, in contrast, there is no independent corroboration that Estupinan or Passos-Paternina possessed exculpatory evidence or that appellant even named them as potential witnesses. Moreover, the information in their affidavits hardly amounts to a direct statement of appellant's innocence.

2. Appellant's claim that his attorney prevented him from taking the stand is supported by only his allegation that his attorney led him to believe that he could not testify. This is insufficent, without more, to require the district court to hold an evidentiary hearing. *Siciliano v. Vose,* 834 F.2d 29, 31 (1st Cir.1987) (an affidavit that states only that counsel refused to allow defendant to testify on his own behalf is insufficient to establish defendant's entitlement to a hearing on his habeas corpus petition). *See also Underwood v. Clark,* 939 F.2d 473, 475-76 (7th Cir.1991) (a "barebones assertion" that a defendant's attorney would not let him testify is "too facile a tactic to be allowed to succeed"; greater particularity and some substantiation are necessary).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Again, the cases upon which appellant primarily relies do not support his position. In one, *United States v. Walker,* 772 F.2d 1172 (5th Cir.1985) (a direct appeal), the defendant had told his attorney that he wished to testify and the attorney had filed a motion to reopen the case to allow defendant to take the stand. The court determined that the trial court had abused its discretion in denying the motion. *Id.* at 1176, 1185. In the other case, *United States v. Butts,* 630 F.Supp. 1145 (D.Me.1986) (a new trial motion), there was independent evidence--courtroom scenes and counsel's testimony--that defendant consistently had demanded to testify on his own behalf. *Id.* at 1146. As noted above, there is no independent corroboration of appellant's allegation that his attorney told him that he could not testify.

**2 3. The remainder of appellant's claims were not raised below and therefore will not be addressed on appeal. *See Knight v. United States,* 37 F.3d 769, 772 n. 2 (1st Cir.1994).

The judgment of the district court is *affirmed.*

79 F.3d 1136 (Table), 1996 WL 120003 (1st Cir.(Puerto Rico)) Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.