UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
FEB 16 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHONY SABETTA, §
§
v. § C.A. No. 05-425L
§
UNITED STATES OF AMERICA §
§
§

## CERTIFICATE OF APPEALABILITY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Anthony Sabetta, the Movant herein acting in pro se, and moves before the Court with his Certificate of Appealability **(COA)** pursuant to 28 USC § 2253(c)(3); F.R.A.P. 22(b), and/or whatever may be the appropriate sections, and will show the Court as follow:

### I.

The district court judge denied Movant's §2255 motion "for the reasons set forth in the Government's Response to said motion". Movant was denied his right to his first §2255 when the court dismissed his §2255 based under the government's response; and as the court stated, "Petitioner now wants to rehash legal issues that were, or should have been, presented on direct appeal." The issues that were raised in Movant's **first** §2255 were issued that his appellate counsel should have raised in direct appeal, and which Movant requested that he argue same in direct appeal, thus denying Movant his Sixth Amendment right when said appellate counsel failed to raise in direct appeal. He cannot now be judicially penalized for the ineffective assistance of counsel. The ineffective assistance of counsel prejudiced the outcome of the appeal.

## II.

Movant has established the required showing of the denial of a constitutional right. Id. §2253(c)(3) under his claim of ineffective assistance of counsel which is violation of his Sixth Amendment right.

Movant's first §2255 contained five (5) issues which are of a constitutional magnitude, and which required a de novo review by the district court, but instead the district court stated, "is denied for the reasons set forth in the Government's Response to said motion". Movant's five issues are:

1. Indictment was legally insufficient to comply with the grand jury indictment clause of the Fifth Amendment;

2. The district court erred when the district judge answered to a jury factual question had the effect of mandating that the jury reach a conclusion on particular issues;

3. The government or court amended Movant's indictment in violation of his Fifth and Sixth Amendment right;

4. Counsel's ineffective assistance prejudiced the outcome of the trial; and,

5. Failure of said counsels prejudiced the outcome of the trial and direct appeal in violation of Movant's Fifth and Sixth Amendment right.

## III.

According to the Court's order of dismissal, it denied said §2255 without reaching the merits of Movant's federal constitutional claims. See **Slack v. McDaniel, 529 U.S. 473, 146 L.Ed.2d 542, 120 S.Ct. 1595 (2000),** where the Court held, "when District Court denied a state's prisoner's underlying federal constitutional claims, a COA ought to issue--and an appeal of the District Court's order might properly be taken..." Movant contends that he has shown a denial of a sub-

stantial right in violation of his constitutional rights. This district court should issue **COA**, and allow the Movant to appeal to the First Circuit Court of Appeals.

**IV.**

Movant urges the Court to liberally construe the foregoing **COA** under the standards set forth by the Supreme Court in the case of **Haines v. Kerner, 30 L.Ed. 2d 652 (1972).**

## CONCLUSION

**WHEREFORE,** Movant prays the Court grants him **COA** for the reasons stated in §2255 motion and in the foregoing **COA** where he has established a substantial showing of the denial of his constitutional rights; jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and, jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and any other relief under the **COA** standards in conformance to the foregoing.

**Dated:** 2-8-06 **2006.**

**Respectfully submitted,**

Anthony Sabetta
Reg. No. 04954-070
Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

Denied - no viable issue on appeal:
Ronald R. Lagueux
Sr. USDJ 2/21/06