MANDATE

# United States Court of Appeals
## For the First Circuit

05-00425
Rhode Island
R. Lagueux

---

No. 06-1360

ANTHONY SABETTA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

Before

Selya, Lynch and Howard,
Circuit Judges.

---

JUDGMENT

Entered: June 26, 2006

After a thorough review of the record and of the petitioner's submission, we find that petitioner, Anthony Sabetta ("Sabetta"), has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we deny the request for a certificate of appealability.

Sabetta's challenge to the indictment was procedurally defaulted, so he must show cause and prejudice resulting. Even if his counsel's failure to raise this issue on appeal constituted cause, Sabetta cannot show that that failure prejudiced him, because the government did not proceed against him on a theory of aiding and abetting. Moreover, it is well-established that "aiding and abetting" is not a separate offense that must be set out explicitly in an indictment; rather it is "an alternative charge in every count, whether explicit or implicit." United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990) (internal quotation marks and citations omitted). Indeed, the government may proceed on an "aiding and abetting" theory even though the indictment does not mention aiding and abetting or cite to 18 U.S.C. § 2 at all. Id.

If an indictment can fail to mention aiding and abetting completely, it cannot be error for an indictment to cite to section 2 but fail to quote its language.

In presenting his ineffective assistance claims, Sabetta fails to make a substantial showing of the denial of a constitutional right. His claim that his attorney should have challenged the court's instruction on constructive possession fails, because there simply is no requirement that the indictment charge constructive possession separately and explicitly. Rather, constructive possession is simply a type of possession, proof of which will satisfy the requirements of 18 U.S.C. § 922(g)(1). See United States v. Liranzo, 385 F.3d 66, 69 n. 2 (1st Cir.), cert. denied, 543 U.S. 1013 (2004) ("Knowing possession under § 922(g)(1) may be proved through actual or constructive possession of the firearm.") (citing United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992)). Sabetta's claim that his attorney provided ineffective assistance by failing to interview and call certain witnesses falls short as well. Sabetta's failure to provide affidavits from the potential witnesses (and his failure even to identify some of those witnesses) is fatal to his claim as to potential testimony. Indeed, Sabetta says very little about the testimony Babbott would provide - only that Babbott witnessed the fight and did not see Sabetta with a gun - and he says nothing at all about the nature of the testimony Chu would offer. Three separate witnesses - Andino, Colardo, and Corio - testified that Sabetta *did* have a gun during the fight in question, and Andino testified that Sabetta provided the gun that police later found behind the glove compartment in his car. Sabetta's proffer falls woefully short of showing that his attorney's failure to call these witnesses was something other than a strategic decision, see Lema v. United States, 987 F.2d 48, 55 (1st Cir. 1993), or that, had he called them, the likelihood of a different result was reasonably high. Epsom v. Hall, 330 F.3d 49, 54 (1st Cir. 2003).

The request for a certificate of appealability is denied, and the appeal is terminated.

Certified and Issued as Mandate
Under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk
Jennifer Colardo
Deputy Clerk
Date: 8·17·06

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

[cc: Anthony Sabetta, Peter F. Neronha, AUSA, Donald Lockhart, AUSA]